**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                    **CRIMINAL NO. 3:06cr94-WHB-JCS**

**JERRY E. JACKSON**

<u>**OPINION AND ORDER**</u>

Jerry E. Jackson appeals his conviction for driving under the influence of alcohol in violation of 36 C.F.R. § 4.23 by challenging the sufficiency of the evidence underlying that conviction. Upon finding that there is sufficient evidence to support the conviction, this Court affirms.

## I.  Background Facts

On November 5, 2005, while conducting stationary radar on the Natchez Trace Parkway, United States Park Ranger Jerome Timmons, Jr. ("Timmons") observed a motor vehicle traveling at an excessive rate of speed. After radar confirmed that the vehicle was traveling at fifty-seven miles per hour, which is seven miles greater than the posted speed limit of fifty miles per hour, Timmons initiated a traffic stop. Upon approaching the vehicle, Timmons observed that Appellant was the driver of the vehicle, and that none of the occupants of the vehicle – which included three adults and four children – were restrained with seatbelts.

Upon questioning Appellant, Timmons detected the odor of alcohol.  Appellant admitted that he had consumed a quart of "King Cobra" approximately five hours earlier, and that his wife may have had an open container of "King Cobra" in the vehicle from which he had taken a few sips.  Based on these statements and his observations, Timmons suspected that Appellant was under the influence of alcohol and, therefore, conducted a field sobriety test.  The test results, as reported by Timmons, were that Appellant had nystagmus with maximum deviation in both eyes, was unable to heel-to-toe walk, was unable to follow instructions as to the manner in which the tests were to be performed (Appellant having taken twenty-three steps after Timmons requested that he take nine), was unable to pivot turn on one foot, and miscounted when performing a one-leg stand test. Results of a portable breathalyzer test administered at the scene were positive for alcohol.  After conducting the field sobriety test, Timmons escorted Appellant to the Claiborne County Sheriff's Department and administered a breathalyzer test using the "Intoxilyzer 8000" ("Intoxilyzer").  Consistent with standard operating procedure, Appellant was tested twice and his breath alcohol content level registered 0.099 and 0.084, respectively. Thereafter, Appellant was cited for speeding, failure to wear a seatbelt, and driving under the influence of alcohol in violation of 36 C.F.R. § 4.23.

On May 6, 2006, Appellant appeared before United States Magistrate Judge James C. Sumner at which time he pleaded guilty to the charges of speeding and failure to wear a seatbelt. Judge Sumner also heard testimony on the charge of driving while under the influence of alcohol. At the hearing, the Intoxilyzer results were admitted into evidence without objection from Appellant. Judge Sumner found that Timmons's observations during the field sobriety test established probable cause for conducting the breathalyzer test, and that the Intoxilyzer results supported a finding that Appellant was guilty of operating a motor vehicle while under the influence of alcohol. Appellant now challenges of the sufficiency of the evidence underlying his DUI conviction.

## II.  Standard of Review

Pursuant to Rule 58(g)(2)(D) of the Federal Rules of Criminal Procedure, when reviewing a conviction by a magistrate judge the "scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." In this circuit, "[t]he standard of review for sufficiency of the evidence is 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Bellew, 369 F.3d 450, 452 (5th Cir. 2004) (quoting Jackson v. Virginia, 443 U.S. 307, 319

(1979)).  See also United States v. Mitchell, 777 F.2d 248, 260–

61 (5th Cir. 1985).

### III.  Discussion

Appellant was convicted under 36 C.F.R. § 4.23, which

provides, in relevant part:

> (a) Operating or being in actual physical control of a
> motor vehicle is prohibited while:
>
> (1) Under the influence of alcohol, or a drug, or
> drugs, or any combination thereof, to a degree that
> renders the operator incapable of safe operation; or
>
> (2) The alcohol concentration in the operator's blood
> or breath is 0.08 grams or more of alcohol per 100
> millimeters of blood or 0.08 grams of alcohol per 210
> liters of breath....

Judge Sumner found Appellant guilty of operating a motor vehicle

while under the influence of alcohol solely on the Intoxilyzer

results, which indicted that Appellant had a breath alcohol

content of 0.099 and 0.084.[1]

---

[1]  Under 36 C.F.R. § 4.23(d), results of quantitative tests
"are intended to supplement the elements of probable cause used as
the basis for the arrest of an operator" charged with operating a
motor vehicle under the influence of alcohol and "are not intended
to limit the introduction of any other competent evidence bearing
upon the question of whether the operator, at the time of the
alleged violation, was under the influence of alcohol..."  In
several unpublished opinions of the United States Court of Appeals
for the Fifth Circuit, which may be considered persuasive authority
under the local rules of that court, convictions for driving under
the influence of alcohol have been upheld on appeal based only on
the observations of law enforcement personnel. See e.g. United
States v. Smith, No. 05–50890, 171 Fed. Appx. 438 (5th Cir. Mar.
16, 2006) (affirming DUI conviction based on evidence that
defendant had been drinking, driving, and officers at the scene
testified that her breath smelled of alcohol, her eyes were glossy,

Under 36 C.F.R. § 4.23(c):

(3) Any test or tests for the presence of alcohol and drugs shall be determined by and administered at the direction of an authorized person.

(4) Any test shall be conducted by using accepted scientific methods and equipment of proven accuracy and reliability operated by personnel certified in its use.

During the hearing before Judge Sumner, Timmons testified that he received formal training regarding the use of the "Intoxilyzer 8000", that he was certified to use this type of machine, and that he had been administering breathalyzer tests using this type of machine for approximately eight months.  Based on this testimony, the Court finds that Timmons was "authorized" and "certified" to use the subject Intoxilyzer as required under 36 C.F.R. § 4.23(c)(3) & (4).

Timmons further testified that Appellant was tested twice using the Intoxilyzer in accordance with the standard operating procedure for that machine.  The standard operating procedure includes testing a suspected driver twice, and complying with a pre-programmed twenty-five minute waiting period before each test is administered during which time the driver is observed and the

––––––––––––––––––––

she did not speak in a normal volume, and she failed three field sobriety tests); United States v. Vaillancourt, No. 04-50279, 108 Fed. Appx. 977 (5th Cir. Sept. 21, 2004) (affirming conviction of DUI based on evidence that defendant had been drinking, had a strong odor of alcohol on her breath, had bloodshot and glassy eyes, was unable to perform a dexterity test, and was unable to complete an intoxilyzer test).

machine performs a self-diagnostic test to determine whether it is properly calibrated.  Although Timmons did not know the margin of error or the date on which the subject Intoxilyzer was manually calibrated, he testified that a Mississippi State Trooper checks the machine on a monthly basis.  Timmons also testified that the Intoxilyzer performs a self-calibration check before and after each breathalyzer test is administered.  As explained by Timmons, during the self-calibration check, the Intoxilyzer analyzes the content of a canister attached to the machine, which registers .078 when tested.  If the Intoxilyzer detects an error during the self-calibration check, the machine will not work.  Timmons testified that the subject Intoxilyzer performed the self-calibration checks and was functioning properly on the date Appellant was tested.

Based on this testimony, the Court finds that the Intoxilyzer tests administered to Appellant were conducted "using accepted scientific methods and equipment of proven accuracy and reliability" for the purposes of 36 C.F.R. § 4.23(c)(4).  See California v. Trombetta, 467 U.S. 479, 489 n.9 (1984)(recognizing that the Intoxilyzer has passed the accuracy requirements established by the National Highway Traffic Safety Administration of the Department of Transportation); United States v. Brannon, 146 F.3d 1194, 1196 (9th Cir. 1998)(finding that the methodology of breathalyzer testing "is well known and unchallenged"); United

<u>States v. Reid</u>, 929 F.2d 990, 994 (4th Cir. 1991) (finding that

the "best means of obtaining evidence of the breath alcohol

content, and the least intrusive way of testing, is the

breathalyzer test."); <u>Volk v. United States</u>, 57 F. Supp. 2d 888,

897 (N.D. Cal. 1999) ("The admissibility and general reliability

of Intoxilyzer test results is well-established.").

Appellant also challenges the sufficiency of the evidence by

arguing the Government failed to produce a document certifying

that the subject Intoxilyzer was accurate, as required under

Mississippi law.  In support of this argument, Appellant cites

Mississippi Code Annotated Section 63-11-19, which provides, in

relevant part:

> A chemical analysis of the person's breath, blood or
> urine, to be considered valid under the provisions of
> this section, shall have been performed according to
> methods approved by the State Crime Laboratory created
> pursuant to Section 45-1-17 and the Commissioner of
> Public Safety and performed by an individual possessing
> a valid permit issued by the State Crime Laboratory for
> making such analysis.  The State Crime Laboratory and
> the Commissioner of Public Safety are authorized to
> approve satisfactory techniques or methods, to
> ascertain the qualifications and competence of
> individuals to conduct such analyses, and to issue
> permits which shall be subject to termination or
> revocation at the discretion of the State Crime
> Laboratory....
>
> The State Crime Laboratory shall make periodic, but not
> less frequently than quarterly, tests of the methods,
> machines or devices used in making chemical analysis of
> a person's breath as shall be necessary to ensure the
> accuracy thereof, and shall issue its certificate to
> verify the accuracy of the same.

MISS. CODE ANN. § 63-11-19 (1972 & Supp. 1999).  In accordance with
this statute, the Mississippi Supreme Court has held:

> [I]ntoxilyzer results may be admitted into evidence if
> a proper foundation has been laid.
>
> A chemical analysis of a person's breath, blood, or
> urine is deemed valid only when performed according to
> approved methods; performed by a person certified to do
> so; and performed on a machine certified to be
> accurate.

Fisher v. City of Eupora, 587 So. 2d 878, 888 (Miss. 1991)
(quoting Gibson v. Mississippi, 458 So. 2d 1046, 1047 (Miss.
1985)).  Thus, under Mississippi law, the prosecutor must submit
documentation certifying the accuracy of an intoxilyzer before
the test results obtained by that device may be admitted as
evidence at trial.  See Johnston v. Mississippi, 567 So. 2d 237,
239 (Miss. 1990).

In the case *sub judice*, however, Appellant was convicted of
driving under the influence of alcohol under federal law – not
Mississippi law.  In this regard, the Code of Federal Regulations
provides:  "Unless specifically addressed by regulations in this
chapter, traffic and the use of vehicles within a [national] park
area are governed by State law."  36 C.F.R. § 4.2(a).  The
Regulations, specifically 36 C.F.R. § 4.23, address both driving
while under the influence of alcohol and applicable testing
procedures.  Additionally, while the Regulations require that
tests used for the purpose of determining alcohol content be
conducted using "equipment of proven accuracy and reliability",

8

there is no requirement that the equipment be certified by a third party before the results of those tests can be admitted as evidence.  Accordingly, the Court finds that Appellant's argument that the Government was required to comply with the certification requirement of Mississippi Code Annotated Section 63-11-19 is without merit.  See United States v. Berry, 866 F.3d 887, 890 (6th Cir. 1989) (finding that the Code of Federal Regulations "does not contemplate or call for the incorporation of state DUI statutes into a federal DUI charge."); United States v. Farmer, 820 F. Supp. 259, 263 (W.D. Va. 1993) (finding that as the offense of DUI and related testing procedures are specifically addressed by 36 C.F.R. § 4.23, the court is not required to consider the evidentiary or procedural requirements of state DUI law when reviewing a defendant's DUI conviction under federal law); United States v. Coleman, 750 F. Supp. 191, 193 (W.D. Va. 1990) (finding, consistent with 36 C.F.R. § 4.2, that "federal law preempts state law on the issue of intoxicated motor-vehicle operators within national park areas, and this Court is not bound to follow [state court] precedent" when interpreting 36 C.F.R. § 4.23).

### IV.  Conclusion

The Court finds that the Government presented sufficient evidence to show that Timmons was "authorized" and "certified" to

use the subject Intoxilyzer as required under 36 C.F.R. §
4.23(c)(3) & (4); the Intoxilyzer tests administered to Appellant
were conducted "using accepted scientific methods and equipment
of proven accuracy and reliability" thus satisfying 36 C.F.R. §
4.23(c)(4); and the Intoxilyzer test results showed Appellant had
a blood alcohol content of 0.099 and 0.084, both of which are
greater than the legal limit of 0.08.  The evidence, viewed in
the light most favorable to the Government, was sufficient to
convict Appellant of driving while under the influence of alcohol
on the Natchez Trace Parkway in violation of 36 C.F.R. § 4.23.
Accordingly, the ruling of United States Magistrate Judge James
C. Sumner is AFFIRMED.

     For the foregoing reasons:

     IT IS THEREFORE ORDERED that the ruling of United States
Magistrate Judge James C. Sumner is AFFIRMED.

     IT IS FURTHER ORDERED that the Stay of Execution of
Sentence, which was entered on August 15, 2006, is hereby
vacated.  Appellant shall report to the United States Probation
Officer assigned to this case on or before January 30, 2007.

     SO ORDERED this the 23rd day of January, 2007.


                                   s/ William H. Barbour, Jr.
                                   UNITED STATES DISTRICT JUDGE